IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET MITCHELL, *et al.*, | No. C 12-3499 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |
| v. | |
| PFIZER, INC., *et al.*, | |
| Defendants. | |

Several motions are scheduled for a hearing on August 24, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to stay all proceedings in this case pending a final decision on transfer by the Judicial Panel on Multidistrict Litigation. In the event the Panel does not transfer this action, the Court will rule on plaintiffs' motion for remand.

**DISCUSSION**

This case is one of many involving prescription diet drugs Pondimin® ("fenfluramine") and Redux® ("dexfenfluramine"), currently pending in federal court. Plaintiffs originally filed this case in the Superior Court for the County of San Francisco against Pfizer, Inc., Wyeth, Inc., Wyeth Pharmaceuticals, Inc., Wyeth Holdings Corp., McKesson Corporation, and numerous Doe defendants. The complaint alleges that plaintiffs were prescribed Pondimin® and/or Redux®, and that they have

been diagnosed with primary pulmonary hypertension as a result of their ingestion, consumption and use of those drugs. On July 5, 2012, defendants Pfizer Inc., Wyeth Pharmaceuticals Inc., and Wyeth Holdings Corporation removed the action to this Court on the basis of diversity jurisdiction. The Notice of Removal asserts that McKesson was fraudulently joined because plaintiffs' state law claims against McKesson are preempted under *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011).

On July 11, 2012, the Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order conditionally transferring this case to the MDL proceeding pending before Judge Harvey Bartle, III, in the Eastern District of Pennsylvania, *In re Diet Drugs (Phentermine/Fenfluramine /Dexfenfluramine) Products Liab. Litig.*, MDL No. 1203. *See* Sims Decl., Ex. C. Plaintiffs have filed a notice of opposition to the conditional transfer order, *id*., Ex. D, and that matter will be addressed by the Panel during its session on September 20, 2012. Docket No. 17, Ex. 5. Presently before this Court are defendants' motion to stay the action pending its transfer to the MDL proceeding and plaintiffs' motion for remand to state court.

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court finds that a stay is in the interest of judicial economy and consistency because Judge Bartle can address the fraudulent joinder and preemption issues in a uniform manner. Other MDL courts have addressed the issue of *Mensing* preemption and fraudulent joinder, *see, e.g.*, *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, MDL No. 2243, 2012 WL 181411 (N.D.J. Jan. 17, 2012); *In re Accutane Products Liability*, MDL No. 1626–IBD, No. 8:04–MD–2523–T–30TBM, 8:10–CV–987–T–30TBM (Plevniak), 2011 WL 6224546, (M.D. Fla. Nov. 9, 2011), and the Court finds it likely that these issues will arise in other cases transferred to MDL No. 1203. The MDL No. 1203 court has substantial experience ruling on the fraudulent joinder of non-diverse defendants,[1] and Judge Bartle has stated that coordinating those

---

[1] *See, e.g.*, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine)*, MDL No. 1203, 2004 WL 2624851 (E.D. Pa. Nov. 18, 2004); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine)*, MDL No. 1203, 2004 WL 1824357 (E.D. Pa. Aug. 12, 2004); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine)*, 352 F. Supp. 2d 533 (E.D. Pa. 2004).

2

issues in MDL No. 1203 serves judicial economy and consistency:

> [R]ecurrent issues have continued to emerge in connection with motions to remand to state courts cases removed by Wyeth on the basis of diversity of citizenship. We have now developed a broader perspective than is usually available to individual transferor courts in dealing with widespread efforts fraudulently to join Phentermine manufacturers as a tactic to thwart removal of cases to the federal courts. Likewise, we are continuing to address the fraudulent joinder of individual physicians and pharmacies as defendants as a means to prevent removal. Many of these issues have common patterns as well as ramifications far beyond any specific case. Again, we believe these issues are best resolved in a uniform manner through the coordinated proceedings of MDL 1203.

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine)*, MDL No. 1203, 2003 WL 22341307, at *4 (E.D. Pa. Sept. 18, 2003) (footnote omitted).

Accordingly, for the foregoing reasons, the Court GRANTS defendants' motion to stay this action, Docket Nos. 7 & 9, and DEFERS ruling on plaintiff's motion for remand. Docket No. 6.

**IT IS SO ORDERED.**

Dated: August 20, 2012

SUSAN ILLSTON
United States District Judge