A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED 9-28-12

ATTEST: Tom Dempsey
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FILED

OCT -3 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3:12-3499 SI

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: DIET DRUGS (PHENTERMINE/
FENFLURAMINE/DEXFENFLURAMINE)
PRODUCTS LIABILITY LITIGATION

MDL No. 1203

## TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in the five actions listed on Schedule A move to vacate our orders that conditionally transferred their respective actions to MDL No. 1203. Defendants Pfizer Inc., Wyeth LLC, and Wyeth Pharmaceuticals Inc. oppose the motions.

Plaintiffs argue against transfer, *inter alia*, that the pretrial proceedings in MDL No. 1203 have largely concluded, that little benefit would be gained from transfer of these actions at this time, and that it would be more efficient to allow the transferor court in the Northern District of California *Mitchell* action to resolve the pending motion to remand that action to state court. We respectfully disagree for the reasons stated in our Order of February 7, 2012, in which we transferred another action to this MDL over similar objections by the plaintiff. The status of the proceedings in MDL No. 1203 do not preclude transfer. The transferee judge has been extremely successful in resolving claims in a timely fashion, and transfer likely will aid in a speedier, not slower, resolution of plaintiffs' claims. Further, the transferee judge has substantial experience ruling on the issues raised by the *Mitchell* plaintiffs' motion to remand, including fraudulent joinder of non-diverse defendants, and coordinating those issues in MDL No. 1203 likely will advance the goals of 28 U.S.C. § 1407. Plaintiffs can present their motion for remand to the transferee judge.[1] *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

After considering all arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 1203, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, these actions involve factual questions arising from allegations

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time to do so. Indeed, the transferor court has already denied motions to remand filed in the District of Delaware actions.

of liability related to one or more of the diet drugs phentermine, fenfluramine, or dexfenfluramine. *See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 990 F. Supp. 834 (J.P.M.L. 1998).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Harvey Bartle III for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

IN RE: DIET DRUGS (PHENTERMINE/
FENFLURAMINE/DEXFENFLURAMINE)  MDL No. 1203
PRODUCTS LIABILITY LITIGATION

## SCHEDULE A

### Northern District of California

Janet Mitchell, et al. v. Pfizer, et al., C.A. No. 3:12-03499

### District of Delaware

Lois Munchel v. Wyeth LLC, et al., C.A. No. 1:12-00906
Shirlee Granillo v. Wyeth LLC, et al., C.A. No. 1:12-00907
Christa McNutt v. Wyeth LLC, et al., C.A. No. 1:12-00908
Sara Appelbee v. Wyeth LLC, et al., C.A. No. 1:12-00909

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED

JAN - 9 1998

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

IN RE: DIET DRUGS (PHENTERMINE/ :
FENFLURAMINE/DEXFENFLURAMINE   :
PRODUCTS LIABILITY LITIGATION) :
_____: MDL DOCKET NO. 1203
                                :
THIS DOCUMENT RELATES TO ALL    :
ACTIONS                         :

## PRETRIAL ORDER #2

AND NOW, this 7th day of January, 1998, for the purposes of MDL 1203 and until further notice of the transferee court, this order changes the duties of a transferor court under Rule 19(a), (b) and (c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation as follows:

Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor court shall retain the entire original file and forward to the clerk of the transferee district court only a certified copy of both the docket sheet and the complaints together with amendments, if any. The clerk of the transferor court shall mark the case closed upon transfer to the transferee court. Following the docketing of a transfer order in the transferee court, any papers to be filed regarding any civil action covered by that transfer order are to be filed in the transferee court.

LOUIS C. BECHTLE, J.

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF PENNSYLVANIA
US COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1797

RECEIVED
OCT - 3 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL E. KUNZ
CLERK OF COURT

CLERK'S OFFICE
ROOM 2609
TELEPHONE
215) 597-

RE: Diet Drugs Products Liability Litigation, MDL 1203

Dear Clerk:

Enclosed is a certified copy (or copies) of an order of the Judicial Panel on Multi district Litigation directing the transfer of the above Civil Action(s) to this district under 28 U.S.C. §1407.

**Panel Rule 19(a) has been suspended in this litigation. Please provide only a certified copy of the docket entries and a certified copy of the complaint together with any amendments to the complaint.**

**DO NOT FORWARD THE ORIGINAL RECORD(S).** (See Pretrial Order No. 2 enclosed)

Should you have any questions regarding this request, please call me at (267) 299-7018.

Very truly yours,

MICHAEL E. KUNZ
Clerk of Court

By: _____
Tom Dempsey, Deputy Clerk
MDL Docketing Clerk

Enclosures